UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

SABRE INDUSTRIES, INC.           CIVIL ACTION NO. 15-cv-2501

VERSUS           JUDGE HICKS

MODULE X SOLUTIONS, LLC, ET AL           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Sabre Industries, Inc. filed this civil action against a number of defendants based on an assertion of diversity jurisdiction, which requires complete diversity of citizenship between Sabre and all defendants. Sabre alleges in its complaint that it is a Delaware corporation with its principal place of business in Texas.

Defendant Module X Solutions, LLC is described in the complaint as having one member, U. S. Grit, LLC, whose members are Steven Schoonover and Pamela Schoonover, both of whom are alleged to be domiciliaries of Louisiana. Defendants filed an answer and, in response to these allegations, admitted the significant allegations regarding Module X's citizenship except for the sentence in paragraph two of the complaint that the member of Module X is U. S. Grit, LLC. It does not appear the answer explains who the member or members of Module X may be, and that information is critical to ensuring that there is complete diversity of citizenship. Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

The other named defendants are Steven Schoonover, Jeff Hood, and Jim Dean. Each of those men is described in the complaint as a "resident of the State of Louisiana." It is

domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may have multiple residences, but he has only one domicile that determines his citizenship.

It appears likely that there is complete diversity of citizenship, although the specific details and allegations necessary to be certain are not yet in the record. The court will nonetheless set a scheduling conference and direct the filing of a case management report. A section of that report asks if any party contests subject-matter jurisdiction. The parties are directed to include in that portion of their report specific facts about the membership of Module X, proceeding through all layers as necessary, and clarify the state in which the individual parties are domiciled and thus have their citizenship. Failure to establish all facts necessary to show subject-matter jurisdiction can result in the dismissal of the case at any time, even on appeal.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of December, 2015.

Mark L. Hornsby
U.S. Magistrate Judge