UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SABRE INDUSTRIES, INC. | CIVIL ACTION NO. 15-cv-2501 |
| VERSUS | JUDGE HICKS |
| MODULE X SOLUTIONS, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is a Motion for Reconsideration (Doc. 59) filed by Plaintiff and Defendant-in-Counterclaim Sabre Industries, Inc. ("Sabre"). The motion seeks to vacate a prior order of the court (Doc. 57) that granted Defendants' Motion for Leave to Amend (Doc. 54). The motion for leave to amend represented that it was unopposed, so it was granted as a matter of course. Sabre now seeks reconsideration arguing, among other things, that its counsel misunderstood the nature of Defendants' proposed amendment. More specifically, Sabre argues that its lawyers thought that Defendants were only amending their claim and not adding a new party.

The new party, Kohlberg & Company, is apparently an equity firm that invested in Sabre and is Sabre's majority shareholder. Kohlberg is not a party to the joint venture agreement at issue in this case, but Defendants allege that Kohlberg participated in or directed Sabre to commit the breaches of the joint venture agreement and to make the alleged false statements.

After considering the arguments of the parties, the undersigned finds that the best exercise of the court's discretion is to deny leave to amend to add Kohlberg as a new party. The discovery deadline is March 31, 2017. The lawsuit has been pending for over 14 months. Importantly, Defendants have known about Kohlberg for quite some time, yet they delayed seeking leave to add Kohlberg. In fact, Defendant Schoonover threatened to bring charges against Kohlberg even before this lawsuit was filed. Doc. 59-1, Exhibit 2. Defendants also discussed Kohlberg in an amended counterclaim that was filed almost a year ago. Doc. 33, para. 178 ("Sabre ... was sold to Kohlberg & Company in August 2012."; Para. 183: "Kohlberg was aware of the unreimbursed rebate scheme....").

It is true, as Defendants point out, that the motion to amend was filed by the extended deadline set by the court. However, there are other important considerations, including prejudice to the existing parties and the new party. The discovery in this case has been extensive. The parties have reportedly taken about 19 depositions, including a deposition of one of the parties, and have engaged in substantial written discovery pursuant to a written e-discovery protocol. It is very likely that, if Kohlberg remains a party, some of that vast discovery would have to be reviewed again, depositions may need to be retaken, and additional depositions, not previously contemplated, would likely be necessary.

Defendants attempt to minimize what remains to be done and focus on the close relationship between Sabre and Kohlberg, but Kohlberg would likely expect (and deserve) the opportunity to prepare a proper defense. With only seven weeks before the discovery deadline, there simply is not enough time. In light of Defendants' prior knowledge of

Kohlberg and its relationship to Sabre, as well as the other considerations discussed above, the court's trial schedule will not be put in jeopardy at this late stage of the proceedings. Accordingly, Sabre's **Motion for Reconsideration (Doc. 59)** is **granted**, and the order allowing Defendants' amendment **(Doc. 57) is vacated to the extent that it sets forth claims against Kohlberg**. The clerk is directed to terminate Kohlberg as a party.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of February, 2017.

Mark L. Hornsby
U.S. Magistrate Judge