**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| SABRE INDUSTRIES, INC. | CIVIL ACTION NO. 15-2501 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MODULE X SOLUTIONS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 69) filed by Defendants Module X Solutions, LLC ("MXS"), Steven L. Schoonover, Jeff Hood, and Jim Dean and Counter-Plaintiff and Third Party MXS (collectively referred to as "Defendants"). Defendants object to and appeal the Magistrate Judge's Memorandum Order (Record Document 65) dated February 7, 2017, granting Plaintiff and Defendant-in-Counterclaim Sabre Industries, Inc.'s ("Sabre") Motion for Reconsideration and dismissing Defendants' counterclaim against Kohlberg & Company, LLC ("Kohlberg"). Sabre opposes the Magistrate Appeal. See Record Document 82. For the reasons set forth below, the Magistrate Appeal (Record Document 69) is **DENIED** and Magistrate Judge Hornsby's Memorandum Order (Record Document 65) of February 7, 2017 is **AFFIRMED**.

Any party may appeal a magistrate judge's ruling on a non-dispositive matter to a district court judge under Rule 72(a) of the Federal Rules of Civil Procedure and Local Rule 74.1 M & W. The decision by Magistrate Judge Hornsby to grant Sabre's Motion for Reconsideration is a non-dispositive matter. It is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A) & F.R.C.P. 72(a); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995); Perales v. Casillas, 950 F.2d 1066,

1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions *de novo*, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

By agreement of counsel and approval of the Court, the deadline for amendment of pleadings was extended until December 22, 2016. See Record Documents 49 & 52. On that date, both parties filed unopposed motions to amend their pleadings with the proposed amendments attached. Sabre amended its complaint to add claims and Defendants amended their counterclaim to add claims against Sabre and to name and assert claims against Kohlberg. See Record Documents 54, 55 & 57.[1]

In his Memorandum Order, Magistrate Judge Hornsby briefly explained that Defendants' motion for leave to amend represented that it was unopposed and it was granted as a matter of course. See Record Document 65 at 1. Sabre sought reconsideration of the amendment arguing, among other things, that its counsel misunderstood the nature of Defendants' proposed amendment, namely that its lawyers though Defendants were only amending their claim and not adding a new party. See id.

In deciding Sabre's Motion for Reconsideration, Magistrate Judge Hornsby held:

> After considering the arguments of the parties, the undersigned finds that the best exercise of the court's discretion is to deny leave to amend to add Kohlberg as a new party. The discovery deadline is March 31, 2017. The lawsuit has been pending for over 14 months. Importantly, Defendants have known about Kohlberg for quite some time, yet they delayed seeking leave to add Kohlberg. In fact, Defendant Schoonover threatened to bring charges

---

[1] Kohlberg is an equity firm that invested in Sabre and is Sabre's majority shareholder. See Record Document 65 at 1. Kohlberg is not a party to the joint venture agreement at issue in this case. See id. However, Defendants allege that Kohlberg participated in or directed Sabre to commit breaches of the joint venture agreement and to make alleged false statements. See id.

> against Kohlberg even before this lawsuit was filed. Doc. 59-1, Exhibit 2. Defendants also discussed Kohlberg in an amended counterclaim that was filed almost a year ago. Doc. 33, para. 178 ("Sabre ... was sold to Kohlberg & Company in August 2012."; Para. 183: "Kohlberg was aware of the unreimbursed rebate scheme....").

Record Document 65 at 2. Magistrate Judge Hornsby also considered "other important considerations," such as prejudice to the existing parties and the new party; the extensive discovery in the case; the discovery deadline; and the court's trial schedule. Id. at 2-3. He ultimately granted Sabre's Motion for Reconsideration and vacated the order allowing Defendants' amendment to the extent that it set forth claims against Kohlberg. See id. at 3.

In the instant appeal, Defendants contend that Magistrate Judge Hornsby erred because there was not a substantial reason to deny their motion to amend. See Record Document 69 at 5 ("Clearly under Rule 15(a) a motion to amend should not be denied absent a substantial reasons to do so. Jacobsen v. Osborne, 133 F.3d 315, 318 (5th Cir. 1998)."). The Court disagrees. Even a cursory review of Magistrate Judge Hornsby's Memorandum Order reveals close analysis and establishes "substantial reasons" for his ruling. Moreover, after an independent review of the record, the undersigned believes there was, at a minimum, undue delay in Defendants' filing of the motion for leave to amend to add Kohlberg as a party. See Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir.2003) (courts within the Fifth Circuit examine five considerations to determine whether to grant a party leave to amend a complaint: (1) undue delay; (2) bad faith, or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment). Magistrate Judge

Hornsby's decision to grant Sabre's Motion for Reconsideration and vacate the order allowing Defendants' amendment to the extent it set forth claims against Kohlberg was a proper exercise of judicial discretion and was neither clearly erroneous or contrary to law. See Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir.1981) (decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court).

Accordingly, the Magistrate Appeal (Record Document 69) is **DENIED** and Magistrate Judge Hornsby's Memorandum Order (Record Document 65) of February 7, 2017 is **AFFIRMED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of September, 2017.

 _____
 S. MAURICE HICKS, JR.
 UNITED STATES DISTRICT JUDGE