## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| SABRE INDUSTRIES, INC. | CIVIL ACTION NO. 15-2501 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MODULE X SOLUTIONS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 98) filed by Plaintiff and Counter-Defendant Sabre Industries, Inc. ("Sabre"). Sabre seeks entry of partial summary judgment against Defendant Module X Solutions, LLC ("MXS") for breaching the Joint Venture Agreement ("JV Agreement") between Sabre and MXS due to its failure to pay for goods and services provided in relation to the Allied Fiber shelter project. MXS opposes the motion. See Record Document 111. For the reasons set forth below, Sabre's Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

On April 24, 2014, Sabre and MXS signed the JV Agreement. In the JV Agreement, Sabre agreed to provide MXS with "telecommunications and non-telecommunications work concerning, but not limited to, the manufacture of shelters, building systems and [other] products as agreed upon between the parties." Record Document 98-5 at ¶ 1. In the Rule 30(b)(6) deposition of MXS, Steven L. Schoonover ("Schoonover") referenced Exhibit 49, which is an August 13, 2014 email regarding "spreadsheet additions on business opportunities." Record Document 98-6 at 4; Record Document 123-2. Schoonover stated that "all of the business contemplated" in the spreadsheet was "JV related." Record Document 98-6 at 5. The Allied Fiber shelter project is listed on the spreadsheet. See

Record Document 123-2 at 3. Thus, the Allied Fiber shelter project was within the scope of the JV Agreement.[1]

As part of the JV Agreement, Sabre agreed to cast five concrete shelters for the Allied Fiber project and MXS agreed to pay Sabre for casting those shelters. See Record Document 98-1 at ¶ 3. In furtherance of the JV Agreement, in late 2014 Sabre provided $568,914.45 in goods and services to MXS in connection with the Allied Fiber shelter project. See id. at ¶ 4. MXS does not dispute that it failed to pay Sabre $568,914.65. See Record Document 111. As stated in the deposition testimony of Schoonover and Jim Dean, MXS did not have the money to pay the debt. See Record Document 98-6 at 6; Record Document 98-7 at 11; Record Document 98-8 4. To date, MXS has not paid Sabre for the goods and services which Sabre provided MXS in connection with the Allied Fiber shelter project. See Record Document 98-1 at ¶ 7.

## LAW AND ANALYSIS

I. **Summary Judgment Standard.**

Rule 56(a) provides, in pertinent part:

Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Relying upon the affidavit of Schoonover, MXS argues there is a genuine issue of fact regarding whether the Allied Fiber shelter project was within the scope of the JV Agreement. See Record Document 111. This argument is foreclosed based on the Rule 30(b)(6) testimony of MXS through Schoonover, its President. See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996) ("It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony."). Thus, the Court holds that the Allied Fiber shelter project was within the scope of the JV Agreement.

matter of law.

F.R.C.P. 56(a) (emphasis added); see also Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir.2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Quality Infusion Care, Inc., 628 F.3d at 728. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir.2000). Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir.1993).

**II.  Breach of Contract Claims.**

Louisiana Civil Code Article 1994 provides:

> An obligor is liable for the damages caused by his failure to perform

a conventional obligation.

A failure to perform results from nonperformance, defective performance, or delay in performance.

La. C.C. Art. 1994. "The essential elements of a breach of contract claim are (1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." Denham Homes, L.L.C. v. Teche Fed. Bank, 2014-1576 (La. App. 1 Cir. 9/18/15), 182 So. 3d 108, 119.

### III. Analysis.

Sabre seeks a partial summary judgment regarding the discrete issue of MXS's failure to pay Sabre $568,914.45 owing for goods and services Sabre provided to MXS in connection with the Allied Fiber shelter project, subject to any additional damages or offsets. Because of this Court's holding that the Allied Fiber shelter project was within the scope of the JV Agreement and noting that MXS does not dispute that it failed to pay Sabre $568,914.65, partial summary judgment in favor of Sabre is granted on the discrete issue of MXS's failure to pay Sabre $568,914.45 owing for goods and services Sabre provided to MXS in connection with the Allied Fiber shelter project. The partial summary judgment ruling in favor of Sabre is subject to any additional damages or offsets.

The Court further notes that all parties agree there is a genuine dispute of material fact as to whether Sabre was in breach of the JV Agreement. See Record Document 111; Record Document 123 at 1. Thus, the applicability of Louisiana Civil Code Article 2003,[2]

---

[2]Article 2003 provides:

An obligee may not recover damages when his own bad faith has

that is, whether Sabre can recover damages, remains as an issue in this matter. See Record Document 111 at 2, 4-9.

## CONCLUSION

Based on the foregoing analysis, this Court holds that Sabre is entitled to partial summary judgment on the discrete issue of MXS's failure to pay Sabre $568,914.45 owing for goods and services Sabre provided to MXS in connection with the Allied Fiber shelter project. The partial summary judgment ruling in favor of Sabre is subject to any additional damages or offsets, including the applicability of Louisiana Civil Code Article 2003. Accordingly, Sabre's Motion for Summary Judgment (Record Document 98) is **GRANTED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of September, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

caused the obligor's failure to perform or when, at the time of the contract, he has concealed from the obligor facts that he knew or should have known would cause a failure.

If the obligee's negligence contributes to the obligor's failure to perform, the damages are reduced in proportion to that negligence.

La. C.C. Art. 2003. Here, MXS argues that Article 2003 precludes Sabre from recovering damages because Sabre's breach of the JV Agreement caused such financial damage to MXS that MXS was thereby rendered unable to pay the sum in question for the Allied Fiber shelter project. See Record Document 111.