UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SABRE INDUSTRIES, INC. | CIVIL ACTION NO. 15-2501 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MODULE X SOLUTIONS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Renewed Rule 50(b) Motion for Judgment as a Matter of Law (Record Document 254) filed by Plaintiff and Defendant-in-Counterclaim, Sabre Industries, Inc. ("Sabre"). Defendant and Plaintiff-in-Counterclaim, Module X Solutions, L.L.C. ("MXS") opposed the motion. See Record Document 266. For the reasons set forth below, Sabre's Renewed Rule 50(b) Motion is **DENIED** in its entirety.

Federal Rule of Civil Procedure 50(b) provides:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment . . . , the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
> (1) allow judgment on the verdict, if the jury returned a verdict;
>
> (2) order a new trial; or
>
> (3) direct the entry of judgment as a matter of law.

F.R.C.P. 50(b). "A party is entitled to judgment as a matter of law only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position." Logan v. Burgers Ozark Country Cured Hams Inc., 263 F.3d 447, 455 (5th Cir. 2001). The district court is not to "weigh evidence, judge witness

credibility, or challenge the factual conclusions of the jury. Judgment as a matter of law is appropriate . . . if there is no legally sufficient evidentiary basis for a claim under the controlling law." Id.

After an approximate three week jury trial, the jury found that MXS proved by a preponderance of the evidence that Sabre made negligent misrepresentations to MXS that were justifiably relied upon by MXS and that caused damage to MXS. See Record Document 246 at 12 (Interrogatory No. 21). The jury found $2,150,211 as the amount of damages sustained by MXS as a result of the negligent misrepresentations. See id. Sabre now requests that the Court grant its renewed motion for judgment as a matter of law and (1) set aside the jury's findings regarding MXS's counterclaim for negligent misrepresentation and (2) set aside the jury's $2,150,211 award of damages to MXS. See Record Document 254. Sabre did not request a new trial on any issue, but rather asked the Court to direct the entry of judgment as a matter of law. See id.

The Court has reviewed Sabre's arguments and finds that there is a legally sufficient evidentiary basis in the trial record for the jury's decision on MXS's negligent misrepresentation claim against Sabre based on representations and/or omissions made both pre- and post-JV Agreement. MXS has pointed to Louisiana case law analyzing negligent misrepresentation claims for representations/omissions made during negotiations leading up to the formation of a contract and for act representations/omissions made after there is privity of contract. See generally Ethyl Corp. v. Gulf States Utilities, Inc., 2001-2230 (La. App. 1 Cir. 10/2/02), 836 So. 2d 172, 178, writ denied, 2002-2709 (La. 12/19/02), 833 So. 2d 340; Barrie v. V.P. Exterminators, Inc., 625 So. 2d 1007, 1015 (La. 1993) ("Since Devore, the bulk of Louisiana's jurisprudence generating the negligent

misrepresentation tort theory has been cases with contract or fiduciary relationships between plaintiff and defendant, rather than cases with a third party who relied on the misinformation."). The Court's notes from trial also reference testimony from Steve Schoonover regarding expenditures made for preparations and readiness, including the acquisition of a manufacturing facility. Additionally, the Court limited the breach of contract damages in this case to lost profits and capital expenditures; however, as noted by MXS in its opposition brief, the Court allowed evidence of damages beyond these two categories only because of the presence of the tort claims alleged by both parties. See Record Document 266 at 7. The Court acknowledges that it is somewhat peculiar that the jury's award of $2,150,211 matches the damages summary presented by MXS's expert in Forensic Accounting, Ben Woods, in the context of contract lost profit damages. See MXS Exhibit 244. Yet, this Court cannot determine as a matter of law that the jury used this figure alone - and no other evidence from trial - to calculate damages as to MXS's negligent misrepresentation claim. There was evidence presented at trial by MXS that allowed a reasonable inference to be drawn that supports the jury's finding as to MXS's negligent misrepresentation claim against Sabre. Moreover, the jury was instructed in great detail on both the elements of a negligent misrepresentation claim and damages. See Record Document 240. Thus, this Court is reluctant to "challenge the factual conclusions of the jury" and believes the issues raised by Sabre are better addressed on direct appeal. Logan, 263 F.3d at 455. Sabre's Renewed Rule 50(b) Motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 26th day of September, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT