**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| SABRE INDUSTRIES, INC. | CIVIL ACTION NO. 15-2501 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MODULE X SOLUTIONS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Attorneys' Fees (Record Document 257) filed by Plaintiff and Defendant-in-Counterclaim, Sabre Industries, Inc. ("Sabre"). Defendant and Plaintiff-in-Counterclaim, Module X Solutions, L.L.C. ("MXS") opposed the motion. See Record Documents 269, 277. For the reasons set forth below, Sabre's motion is **GRANTED**.

Following an approximate three week jury trial, the jury found that MXS breached the Joint Venture Agreement ("the JV Agreement"); Sabre did not breach the JV Agreement; and Sabre suffered damages in the amount of $423,708 as a result of MXS's breach. See Record Document 246 at 1, 2, 3, 5. A Judgment consistent with the terms of the jury's verdict was entered on February 27, 2018. See Record Document 249. In the Judgment, the Court stated that the parties' claims for attorneys' fees were reserved for post-trial consideration. See id. Sabre now moves for an order from this Court awarding it reasonable attorneys' fees in the amount of $1,101,145 pursuant to the remedies provision of the JV Agreement. See Record Document 257.

The parties do not contest that Louisiana substantive law governs this case. "As a general rule, attorney's fees are not allowed [under Louisiana law] except where authorized by statute or contract." Maloney v. Oak Builders, Inc., 235 So. 2d 386, 390 (1970). In a

breach of contract case, attorney's fees are not recoverable "unless there is a specific provision therefor in the contract." Id. In this matter, Paragraph Five of the JV Agreement set forth remedies, to include that the breaching party was entitled to "all rights and remedies provided at law and in equity, plus reasonable attorneys fees to enforce the non-breaching party's rights and remedies." Sabre's Trial Exhibit 38 at ¶ 5. This provision is enforceable under Louisiana law.

Contrary to MXS's assertion in its opposition brief (Record Document 269 at 6-7), the jury clearly found that Sabre was the non-breaching party and MXS was the breaching party of the JV Agreement. Sabre is contractually entitled under the remedies provision of the JV Agreement to recover its attorneys' fees for the time its attorneys spent "enforc[ing] [its] rights and remedies." Thus, this Court must now determine if the fees requested by Sabre are reasonable.

Sabre identified three categories of time spent by its attorneys in this litigation. See Record Document 257-1 at 12-16. The first category is attorney time solely related to Sabre's breach of contract claim (134.3 hours). See id. at 12, 14. The second category is attorney time related to the common core of facts and/or claims or issues interwoven with Sabre's breach of contract claim (4,584.3 hours). See id. The third category is post-trial attorney time related to the motion for attorneys' fees (174.7 hours). See id. at 13-15. The first and third categories are self-explanatory. The second category bears further discussion.

"Where time spent on unsuccessful issues is difficult to segregate, no reduction of fees is required." Abell v. Potomac Ins. Co. of Illinois, 946 F.2d 1160, 1169 (5th Cir. 1991). Courts within the Fifth Circuit have noted that "some cases . . . require that attorneys perform work on

numerous claims, issues or even proceedings, not all of which might independently or standing alone give rise to a basis for an award of attorney's fees." Cashman Equip. Corp. v. Smith Marine Towing Corp., No. CV 12-945, 2013 WL 12229038, at *7 (E.D. La. June 27, 2013), report and recommendation adopted, No. CV 12-945, 2013 WL 12228976 (E.D. La. July 12, 2013); see also NOP, LLC v. Kansas, No. CIV.A. 10-1423, 2011 WL 1485287, at *5 (E.D. La. Mar. 23, 2011), report and recommendation adopted, No. CIV.A. 10-1423, 2011 WL 1558687 (E.D. La. Apr. 18, 2011). In those cases, courts "need not segregate fees when the facts and issues are so closely interwoven that they cannot be separated." Id. To decide whether claims are so interrelated and/or interwoven that they cannot be separated, courts must ask whether the claims include a common core of facts or were based on related legal theories linking them to the successful claim. See id. "If the answer to this inquiry is 'yes,' then the prevailing party may recover for the fees reasonably incurred in pursuing or defending against the intertwined claims." Id.

Sabre maintains that its request for $1,101,145 in attorneys' fees is reasonable under Rule 1.5(a) of the Louisiana Rules of Professional Conduct. The factors – derived from Rule 1.5(a) – to be taken into consideration in determining the reasonableness of attorney's fees include:

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge.

NOP, LLC, 2011 WL 1485287, at *2. The award "must be reasonable based on the degree

of skill and work involved in the case, the number of court appearances, the depositions, the office work and the time spent in court." Id. Here, Sabre discussed each of the ten factors in great detail. The Court concurs with Sabre's analysis as to these factors, noting the following specifically: the jury found MXS breached the JV Agreement and Sabre did not; Sabre's attorneys reviewed hundreds of thousands of potentially relevant documents; approximately thirty depositions were taken; exhaustive pretrial motion practice; the extensive experience of the Sabre attorneys in handling complex litigation; the number of in-person and telephone conferences; a three week jury trial; and the difficulty counsel faced in explaining intricate facts to the jury. Additionally, this Court's own knowledge of this case supports Sabre's requested fee award.

The application of the lodestar calculation method likewise supports Sabre's request for $1,101,145 in attorneys' fees as a reasonable amount. "A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." Heidtman v. Cty. of El Paso, 171 F.3d 1038, 1043 (5th Cir. 1999). "After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir.1974)." Id. The Johnson factors are: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and

length of the professional relationship with the client; and (12) the award in similar cases." Johnson, 488 F.2d at 717–19. Like its analysis of the Rule 1.5(a) factors,[1] the Court finds that none of the Johnson factors warrant an increase or decrease in the award sought by Sabre. See NOP, LLC, 2011 WL 1485287, at *3.

MXS does not object to the hourly rates proposed by Sabre for calculating its attorneys' fees. See Record Document 269 at 11.[2] However, it does challenge (1) the number of attorney hours Sabre seeks to base its fee calculation on; and (2) the total dollar amount for which Sabre seeks to be compensated. See id. at 11. MXS argues that Sabre's "claim of the number of total hours required to litigate the case is completely out of line with any standard of reasonableness." Id. at 11. MXS compares the number of hours its attorneys spent on the case – 1878 hours – to the number of hours Sabre's attorneys spent on the case – 4893.3 hours – and argues such comparison evidences the unreasonableness of Sabre's requested fees. See Record Document 269 at 12; see also Record Document 277 at 2.

As noted by Sabre, MXS requested $27 million from the jury, while Sabre calculated its damages to be approximately $7 million. See Record Document 275 at 8. In its closing argument, Sabre asked the jury for an award in the amount of $1,005,224. See id. Thus, Sabre faced a great risk of an adverse judgment. See id. Morever, Sabre has submitted four

---

[1] "The factors in Rule 1.5(a) of the Louisiana Rules of Professional Conduct are essentially similar to those considered under the federal lodestar analysis, which were originally set forth in Johnson v. Georgia Hwy. Express, Inc., 488 F.2d 714 (5th Cir. 1974)." NOP, LLC, 2011 WL 1485287, at *3.

[2] In its brief, Sabre states that "in a good faith effort to ensure that its request for attorneys' fees is reasonable, [it] has voluntarily reduced the hourly rate to which it seeks to recover to $225.00 for the Goosmann attorneys, which matches the rate billed by local counsel Robert Kennedy." Record Document 257-1 at 15.

affidavits and voluminous pages of unredacted, contemporaneously-recorded billing entries. This Court has reviewed these itemized billing records and finds that the number of hours expended was reasonable given the intricate facts and complex legal issues presented in this case.[3] MXS has not presented the testimony of an expert to challenge the reasonableness of Sabre's billing practices. MXS has also failed to focus on a single time entry in the detailed, itemized billing records that it believed was excessive or improper.

MXS further argues that Sabre failed to adequately segregate its fees for the breach of contract claim upon which it bases its attorneys' fees award from the other non-breach and unsuccessful claims that this case involved. See Record Document 269 at 13-16. Yet, as previously noted, this Court is keenly aware that the claims and counterclaims in this case were not independent. The facts and issues underlying all of the claims in this case were so closely interwoven and interrelated that they cannot be separated. The claims included a common core of facts. See generally Abell, 946 F.2d at 1169; Cashman Equip. Corp., 2013 WL 12229038, at *7; NOP, LLC, 2011 WL 1485287, at *5. MXS has failed to demonstrate the unreasonableness of Sabre's request.

Thus, based on the foregoing analysis, this Court finds that Sabre's request for attorneys' fees in the amount of $1,101,145 is reasonable. Sabre's Motion for Attorneys' Fee (Record Document 257) is, therefore, **GRANTED**.[4]

---

[3] The Sabre attorneys voluntarily deducted some hours from the Court's consideration, including hours for travel time, paralegal time, and time by attorneys other than Robert Kennedy, David Hemken, Jeana Goosman, Anthony Osborn, and Cesar Juarez. See Record Document 257-1 at 28-29.

[4] Sabre did not request interest on the attorneys' fee award in its motion and the JV Agreement does not specifically provide for interest. Thus, the Court will not award interest

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2019.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

on the attorneys' fee award. See Short v. Plantation Mgmt. Corp., 1999-0899 (La. App. 1 Cir. 12/27/00), 781 So. 2d 46, 58.